RUSSELL FOLAND, Suing on Behalf of Himself and Other
Holders of Third Mortgage Bonds of the INTERNA-
TIONAL AND GREAT NORTHERN RAILROAD COMPANY,
Appellant, *v.* GEORGE J. GOULD, Respondent, Impleaded
with Others.

*Foland* v. *Gould*, 163 App. Div. 947, affirmed.
(Argued May 9, 1917; decided May 25, 1917.)

APPEAL from a judgment, entered November 20, 1914,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, which affirmed an
interlocutory judgment of Special Term sustaining a
demurrer to the complaint and granting defendants'
motion for judgment on the pleadings.  The complaint
sets out in substance that in 1908 defendants were direct-
ors of a corporation and plaintiff was the holder of cer-
tain of its third mortgage bonds; that default occurred
in the payment of interest on said bonds; and on applica-
tion of the trustee under the mortgage securing the same
a receiver was appointed in the Federal courts February
28, 1908.   Because of default in payment of coupons of the
second mortgage bonds the receivership was extended to
that issue April 24, 1908.   It was further alleged that
two years later a protective committee was formed at the
instance of defendants which called for a deposit of the
third mortgage bonds, and that about five-sixths of the
issue was thus deposited.  Plaintiff, however, did not
deposit his securities.   In May, 1911, pursuant to the
deposit agreement, a plan of reorganization was proposed
and accepted and June first of that year was fixed as the
last day when bondholders who had not deposited might
so deposit and join in the benefits of the plan.  Subse-
quently the road was sold under a decree of foreclosure
and bid in by the bondholders, the committee tendering
its securities in part payment of the purchase price.  To
the complaint was annexed and made a part thereof this
plan, from which it appears that a discrimination was to

be exercised in the distribution of the new securities against those who, like the plaintiff, had failed to originally deposit their securities with the reorganization committee. This complaint was directed solely against the three defendants as individuals, plaintiff's counsel defining the action as one "brought against persons occupying a fiduciary or trust relation to property whereby they may be compelled to account for such property, and is brought to compel them to account."

*Carlisle Norwood* and *George S. Daniels* for appellant.

*Robert B. Knowles* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and MCLAUGHLIN, JJ.